# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE RAY, | ) 1:13-cv-00113-BAM (PC) |
| Plaintiff, | ) ORDER DISMISSING ACTION FOR |
| v. | ) FAILURE TO OBEY A COURT ORDER |
| JERRY BROWN, et al., | ) (ECF No. 20) |
| Defendants. | ) |

    Plaintiff Johnny Lee Ray ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on November 19, 2012. Plaintiff consented to the jurisdiction of the Magistrate Judge. (ECF No. 11.)

    On April 15, 2014, the Court found that Plaintiff's first amended complaint stated a cognizable Eighth Amendment deliberate indifference claim for exposure to environmental conditions that posed an unreasonable risk of serious damage to his health against Defendants Carl Romero, two unidentified correctional officers, an unidentified duty sergeant, an unidentified lieutenant, and an unidentified captain, but did not state any other cognizable claims. The Court ordered Plaintiff, within thirty (30) days after service, to (1) either file a second amended complaint; or (2) notify the Court that he did not wish to file an amended complaint

1

and was willing to proceed only against Defendants Carl Romero, two unidentified correctional officers, an unidentified duty sergeant, an unidentified lieutenant, and an unidentified captain. (ECF No. 16.)

Plaintiff's second amended complaint or his notice that he did not wish to file an amended complaint was due on or before May 19, 2014.  When Plaintiff failed to comply with the Court's order or otherwise respond in a timely manner, the Court dismissed the action and the Clerk of the Court entered judgment on May 29, 2014.  (ECF Nos. 17, 18.)

On May 30, 2014, Plaintiff filed a motion for an extension of time to prepare his court ordered response, i.e., either file an amended complaint or a notice to proceed on the cognizable claims.  In his moving papers, Plaintiff reported that he had not been able to research and to prepare his response because of severe pain in his feet due to complications from Valley Fever and lack of concentration.  (ECF No. 19.)

As Plaintiff's motion for an extension of time to amend his complaint presumably was mailed prior to the dismissal of this action and entry of judgment, the Court found sufficient basis to order relief and vacate the entry of judgment.  See Fed. R. Civ. P. 59(e), 60(b). Accordingly, on July 21, 2014, the Court vacated its dismissal order, along with the judgment entered on May 29, 2014.  The Court also granted Plaintiff a thirty (30) day extension of time to either file an amended complaint or a notice of his willingness to proceed on the cognizable claims.  (ECF No. 20.)  More than thirty days have passed and Plaintiff has not complied with or otherwise responded to the Court's order.

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

1  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
2  requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th
3  Cir. 1987) (dismissal for failure to comply with court order).

4　　　In determining whether to dismiss an action, the Court must consider several factors: (1)
5  the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
6  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
7  cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779
8  F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

9　　　The Court finds that the public's interest in expeditiously resolving this litigation and the
10 Court's interest in managing the docket weigh in favor of dismissal.  This action has been
11 pending since November 19, 2012.  Despite the Court's efforts, which included an order vacating
12 dismissal of this action and entry of judgment, Plaintiff again has failed to comply with the
13 Court's order to file an amended complaint or notify the Court of his intent to proceed on
14 cognizable claims.  Plaintiff has made no attempt to contact the Court or otherwise comply with
15 the Court's July 21, 2014 order.  The Court cannot continue to hold this case in abeyance
16 awaiting compliance by Plaintiff.  The third factor, risk of prejudice to defendants, also weighs in
17 favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable
18 delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).
19 The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly
20 outweighed by the factors in favor of dismissal discussed herein.  Finally, the court's warning to
21 a party that failure to obey the court's order will result in dismissal satisfies the "considerations
22 of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson,
23 779 F.2d at 1424.  The Court's order issued on July 21, 2014, expressly stated "If Plaintiff fails
24 to comply with this order, this action will be dismissed, without prejudice, for failure to obey a
25 court order." (ECF No. 20, p. 3.)  Thus, Plaintiff had adequate warning that dismissal would
26 result from his noncompliance with the Court's order.
27 ///
28 ///

For the reasons stated above, this action is DISMISSED based on Plaintiff's failure to obey the Court's order of July 21, 2014.

IT IS SO ORDERED.

Dated:   **September 23, 2014**         /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE